UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AIX SPECIALTY INSURANCE COMPANY, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:14-CV-2645 |
| § | |
| BBL INVESTMENTS, INC, *et al*, § | |
| § | |
| § | |
| Defendants. § | |

## ORDER

In this insurance coverage dispute, AIX Specialty Insurance Company ("AIX") sues its insureds asserting the right to rescind two insurance policies. Allegedly, defendant BBL Investments, Inc. made a material misrepresentation in the application for insurance it completed on behalf of all of the defendant-insureds. AIX also sues Randy Moreno, a third-party claimant with an interest in the policies. Moreno is the plaintiff in a state court tort lawsuit against RAS Apartments, LLC, one of AIX's insureds and a defendant in the pending federal action. AIX acknowledges that it named Moreno as a defendant "[t]o ensure that [he] would be bound by any judgments entered by this Court." Moreno answered AIX's complaint and filed counterclaims for conditional/anticipatory breach of contract and declaratory relief regarding AIX's duty to indemnify.

On December 8, 2014, AIX filed a motion to dismiss Moreno's counterclaims (ECF No. 9). It contends that Moreno, although a potential third-party beneficiary of the subject policies, lacks standing to bring counterclaims against it. Moreno's rights under the policies have not vested, AIX argues, since a judgment against its insured has not yet been entered in the underlying tort action. Accordingly, it urges the Court to dismiss his counterclaims under Fed. R. Civ. P. 12(b)(1). Alternatively, AIX contends that Moreno has failed to state a claim under Fed. R. Civ. P. 12(b)(6). In its view, Moreno's counterclaims amount to a direct action against AIX, the filing of which

violates Texas law prohibiting suits by an injured third party against a tortfeasor's insurer until there has been a finding that the tortfeasor is liable.

Contrary to AIX's position, the Court has subject matter jurisdiction over Moreno's counterclaims because AIX is the party that brought him into the pending action.  *See, e.g.*, *Looney Ricks Kiss Architects, Inc. v. State Farm Fire & Cas. Co.*, 677 F.3d 250, 257 n.5 (5th Cir. 2012) (applying *Dairyland Ins. Co. v. Makover*, 654 F.2d 1120, 1123 (5th Cir. 1981), where court held that injured third parties, brought into declaratory judgment suit by plaintiff-insurer, had standing to appeal district court judgment denying coverage); *Commerce & Indus. Ins. Co. v. Alexander*, Civ. No. H-11-3939, 2012 WL 3046011, at *2-3 (S.D. Tex. July 25, 2012) (Werlein, J.).  In so doing, it conferred on Moreno standing to bring counterclaims against it.

Naming Moreno as a defendant has the additional effect of undercutting AIX's "no direct action" argument.  The "no direct action" rule is relevant when an injured third party brings suit, not when the insurer or the insured defendant seeks declaratory relief.  *In re Essex Ins. Co.*, 450 S.W.3d 524, 527 (Tex. 2014) (distinguishing cases that fail to implicate "no direct action" rule "because in each of these cases, it was the insurer or the insured defendant, not the plaintiff, who sought declaratory relief, or the insured defendant's liability to the plaintiff had in fact been determined before the declaratory judgment suit was filed").  Unlike the plaintiffs in *Aviles v. Aguirre*, 292 S.W.3d 648, 649 (Tex. 2009) (per curiam), and *State Farm Cnty Mut. Ins. Co. v. Ollis*, 768 S.W.2d 722, 723 (Tex. 1989) (per curiam), Moreno did not file suit against AIX.  AIX misguidedly relies on these cases to challenge jurisdiction over Moreno's counterclaims.

To the extent that AIX seeks a dismissal on the ground that Moreno's counterclaims are nonjusticiable, the argument is rejected.  At this stage, it cannot be said that, because of the pendency of the liability suit, Moreno's indemnity claim is nonjusticiable.  "[T]he duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend *and the same reasons that negate the duty to defend likewise negate any possibility the*

*insurer will ever have a duty to indemnify.*" *Farmers Texas Cnty Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997) (emphasis in original). A determination has not yet been made as to whether AIX has a duty to defend its insureds. Accordingly, a judgment dismissing Moreno's declaratory request is premature. *Cf. Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 536 (5th Cir. 2004) (during pendency of underlying suit against the insured, duty to indemnify "became nonjusticiable" when district court ruled, on summary judgment, that insurer had duty to defend). *Contra Alexander*, 2012 WL 3046011, at *4 (denying motion to dismiss injured third party's counterclaim for declaratory judgment on duty to defend but dismissing, without prejudice, counterclaim for declaratory judgment on duty to indemnify).

Dismissing Moreno's anticipatory breach of contract counterclaim as nonjusticiable would likewise be premature at this juncture. "A party claiming anticipatory breach of a contract must establish the following three elements: (1) a party to a contract has absolutely repudiated the obligation; (2) without just excuse; and (3) the other party is damaged as a result." *Berg v. Wilson*, 353 S.W.3d 166, 174 n.11 (Tex. App.—Texarkana 2011, pet. denied). Among other things, proving the second element turns on the Court's judgment declaring the rights of the parties.

For these reasons, AIX's motion to dismiss is DENIED without prejudice.

It is so **ORDERED**.

SIGNED on this 18th day of August, 2015.

_____
Kenneth M. Hoyt
United States District Judge